Case 2:20-cv-00232-JEO   Document 1   Filed 02/21/20   Page 1 of 15

FILED
 2020 Feb-21  PM 01:08
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GRACE MORRIS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| **ANTHONY VINCE NAIL SPA,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

**I.    JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991,  42 U.S.C. Section 2000(e), *et seq*. (hereinafter "Title VII"), 42 U.S.C. § 1981a and 42 U.S.C.§ 1981. The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured by Title VII and 42 U.S.C.§ 1981, providing for injunctive and other relief against race discrimination, national origin discrimination and retaliation.

2.  Plaintiff has fulfilled all conditions precedent to the institution of this action

under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-to-Sue letter from the EEOC.

3. Venue is proper in the Northern District of Alabama Southern Division under 28 U.S.C. §1391(b), and pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

## II.  PARTIES

4. Plaintiff, Grace Morris (hereinafter "Plaintiff") is a citizen of the United States, and a resident of the State of Alabama.

5. Defendant, Anthony Vince Nail Spa, (hereinafter "Defendant" or "Anthony Vince" ) is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## III.  FACTS

6. Plaintiff is a white female of United States of America national origin who began working at Defendant on or around May 14, 2018 as a Nail Technician at its Birmingham location, which is at the Summit.

7. Plaintiff is a managing manicurist and she holds this title from the Alabama board of cosmetology because of her skill level.

8. Plaintiff has been a licensed nail technician for many years and is capable of performing the most lucrative services offered at Defendant.

9. Defendant describes itself on its website as follows: "Anthony Vince' Nail Spa is the United States' premiere nail care destination founded in 2004. Under visionary leadership the salon has grown from 1 location to more than 50 locations across the country."

10. Plaintiff was one of two white American nail technicians at the Summit location; nearly all of the other Nail Technicians were Vietnamese.

11. When the manager of the salon, Thao Ha, hired Plaintiff, he told her that his boss had told him to hire more Americans. He further told Plaintiff that she and the other American, Lina Awwad, who was recently hired, were the first American nail technicians who have worked at the shop in the ten years it has been opened.

12. On a constant and continuous basis during Plaintiff's employment, the manager of the nail salon, Thao Ha, who is Vietnamese, called Plaintiff names, screamed at her, called her "fat," "dumb lazy American," called her baby, told her she needed to lose weight, called her "Bé béo" which the other employees told her meant "fat baby" in Vietnamese, told her she needed to park her car at Barnes and Noble so she could lose weight walking down the 88 steps, and

made other derogatory terms focused on her American national origin and her white race.

13. Plaintiff also heard Thao use racial slurs about African Americans, and being the mother of a biracial child, Plaintiff was especially offended by such racist comments.

14. When African Americans came to the salon for service Thao told Plaintiff to put them behind the waterfall; this was a location where customers walking by the salon or walking into the salon could not see them.

15. Plaintiff's Vietnamese co-workers received a 60% commission, much of it in cash, while Defendant paid Plaintiff and the other white American employee 55% commission with no cash.

16. Customers were supposed to be assigned to employees based on the time the employee signed into work; however, Defendant, through its manager Thao, regularly skipped Plaintiff and sent the arriving customers to Vietnamese employees who arrived at work after Plaintiff.

17. Thao also assigned Plaintiff the hardest jobs that paid the least money while assigning the highest paying and easiest jobs to his Vietnamese employees. When large ticket clients came to the store Thao assigned them to one of the Vietnamese employees, not to the two Americans.

18. Also, Thao paid the Vietnamese half cash and half check, but he only paid the two Americans by check.

19. In mid February 2019, Plaintiff complained by electronic mail to corporate management that her salon manager had told her that Americans are lazy and dumb, that she had been called 'fat baby,' told that she needed to lose weight, and told that she did not know what she was doing in front of clients. Plaintiff also inquired about the commission percentage she received.

20. In response to Plaintiff's complaints, corporate management told Plaintiff that her complaints and inquiries should be directed to the salon manager (Thao Ha) as he directly oversaw her work; however, the salon manager is the person about whom Plaintiff was complaining about calling Americans, such as herself, lazy and dumb.

21. Plaintiff tried to contact the corporate headquarters by telephone by looking for a number in her store, looking online, and calling other stores but she could not find a corporate contact number.

22. After Plaintiff's complaint, the discrimination and harassment did not stop and Defendant retaliated against Plaintiff by taking adverse employment actions against her, including skipping her even more frequently in the rotation and taking her completely off the rotation at times which negatively impacted her

income to such an extent that she was not making sufficient money to support her family.

23. On March 8, 2019, Thao terminated the employment of Plaintiff's only white co-worker, Lina Awwad, leaving Plaintiff as the lone American working there.

24. Plaintiff overheard Thao state after terminating Ms. Awwad that he was not going to hire any more Americans. Indeed, an American nail technician came to the salon looking for a job after Awwad was terminated and Thao said they were not hiring. However, a week later, Thao hired 2 Vietnamese nail technicians despite the fact that nothing had changed as far as the number of employees working there.

25. With Awaad gone and Plaintiff the only remaining American nail technician, Thao directed all of his harassment at Plaintiff, continuing to berate her and make comments about her being a dumb American, fat American, lazy American, and continuing to take steps to reduce her income down to nearly nothing, which was certainly not enough to support her family.

26. Also, other than the harassment from Thao directed at Plaintiff, Thao and his employees ignored Plaintiff, isolated her, left her out of events for the employees and continued to take steps to prevent her from earning a living.

27. Thao's actions also showed Plaintiff she was soon to be the next American to

be fired, which would only harm her ability to find work elsewhere.

28. Plaintiff could no longer tolerate this hostile work environment where management made sure she did not earn sufficient income to support her family, and where corporate management had directed her to take her complaints about Thao back to Thao himself, which was clearly an unworkable way to resolve her complaints.

29. To avoid being fired and to escape the hostile environment and to support her family, Plaintiff had no option but to quit, and thus she was constructively discharged.

30. After Plaintiff left, Thao hired several new nail technicians, all Vietnamese.

31. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

32. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

33. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## IV. CAUSES OF ACTION

### Count I – National Origin Discrimination under Title VII

34. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

35. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a.

36. During her employment, Defendant discriminated against Plaintiff because of her American/non-Vietnamese national origin by taking adverse employment actions up to and including constructively discharging her employment.

37. Defendant's articulated reasons for these adverse employment actions, up to and including constructive discharge, are not legitimate.

38. Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions leading up to the constructive discharge of Plaintiff's employment, Plaintiff's American national origin was at least a motivating factor in the adverse employment actions Defendant took against her.

39. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

40. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

41. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count II – Race Discrimination under Title VII and Section 1981**

42. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

43. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

44. During her employment, Defendant discriminated against Plaintiff because of her white race by taking adverse employment actions up to and including constructively discharging her employment.

45. Defendant's articulated reasons for these adverse employment actions, up to and including constructive discharge, are not legitimate.

46. Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions leading up

to the constructive discharge of Plaintiff's employment, Plaintiff's race was at least a motivating factor in the adverse employment actions Defendant took against her.

47. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

49. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count III – Race/National Origin Harassment under Title VII and Section 1981**

50. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

51. Defendant subjected Plaintiff to a race/national origin hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

52. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured

by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive and the harassment negatively impacted Plaintiff's employment by making it more difficult to do her job.

53. Plaintiff subjectively perceived the race/national origin harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

54. Defendant failed to guard against the misconduct of its employees, failed to train its managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

55. Defendant had no effective national origin harassment policies and no effective procedures for handling complaints of national origin harassment.

56. Defendant was made aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

57. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action and by constructively discharging Plaintiff's employment.

58. Defendant is directly and vicariously liable for the conduct of its managerial employee that amounted to the race/national origin harassment suffered by Plaintiff.

59. Thao had recently stated he no longer wanted Americans working there. He said Americans give him problems and they were lazy. He said Vietnamese people work hard.

60. The race/national origin harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job and cumulated with the constructive discharge of her employment.

61. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

62. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

63. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count IV – Retaliation in Violation of Title VII and Section 1981**

64. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

65. Plaintiff engaged in protected activity when she complained of discrimination.

66. After Plaintiff complained of discrimination, instead of remedying the discrimination and harassment Defendant retaliated against Plaintiff by taking materially adverse employment actions up to and including constructively discharging her employment.

67. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against her.

68. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

69. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

70. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**V.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., and 42 USC § 1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 USC § 1981.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement in the position and salary level she would have occupied absent discrimination, backpay, front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice

may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## Jury Demand

## Plaintiff Demands a Trial by Struck Jury.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff


**OF COUNSEL:**
**WIGGINS CHILDS PANTAZIS**
**FISHER & GOLDFARB, LLC.**
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


**Defendant's Address:**
**ANTHONY VINCE NAIL SPA**
c/o Nguyen, Hoang
7236 Eastchase Parkway
Montgomery, AL 36117